UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GERMAINE MONTES,

                    Petitioner,
    v.                                                            9:21-CV-0376
                                                                     (GTS)
THE PEOPLE OF THE STATE OF NEW YORK,
CRAIG D. APPLE, SR.

                    Respondent.[1]
_____

APPEARANCES:                                                     OF COUNSEL:

GERMAINE MONTES
Petitioner, pro se
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

**I.    BACKGROUND**

       Petitioner Germaine Montes seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Petitioner also filed a motion for release on bail during the pendency of his habeas petition and an application to proceed in forma pauperis ("IFP"). Dkt. No. 2, Motion; Dkt. No. 3, IFP Application.

       On April 8, 2021, the action was administratively closed due to petitioner's failure to

---

[1] The proper respondent in a habeas action brought pursuant to 28 U.S.C. § 2254 is the superintendent of the facility in which petitioner is incarcerated. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts & Advisory Notes. Petitioner has incorrectly named "The People of the State of New York" as respondent. Instead, the Clerk is respectfully directed to update the docket sheet to reflect the sole respondent, Sheriff Craig Apple, Warden of the Albany County Correctional Facility.

properly commence it. Dkt. No. 4, Administrative Closure Order. Petitioner was advised that if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of five dollars ($5.00), or (2) submit a completed, signed, and properly certified in forma pauperis ("IFP") application, within thirty (30) days of the filing date of that Order. *Id*. at 2-3.

On April 19, 2021, the Court received the statutory filing fee. Dkt. Entry for 4/19/21 (identifying receipt information for filing fee transaction). The case was reopened. Dkt. No. 5, Text Order (reopening case).

## II. PETITION

The petition is, at best, difficult to decipher. First, it is unclear what specific conviction petitioner is challenging. Petitioner argues that he is "being held unlawfully by the Albany County Sheriff . . . for a[n] invalid conviction." Pet. at 1. Petitioner "pled not guilty but was wrongfully convicted by an unfair jury," in Albany County of three counts of second degree possession of a forged instrument. *Id.* Petitioner did not include any further specifics regarding his conviction, or the direct appeal thereof.[2] However, it appears that, whenever the direct appeal concluded, petitioner did not file a petition for a writ of certiorari. Pet. at 45.

Second, it is unclear what claims petitioner included in his collateral challenges in state court, because the petition was devoid of such details. The petition included a claim

---

[2] Petitioner previously filed a habeas petition that was dismissed without prejudice. *See Montes v. James*, No. 9:20-CV-0150 (TJM) ("*Montes I*"), Dkt. No. 10, Decision and Order dated 03/19/20 ("March Decision"); *Id.*, Dkt. No. 34, Decision and Order dated 09/02/20 ("September Order"); *Id.*, Dkt. No. 35, Judgment. The March Order indicated that petitioner "challenge[d] a 2018 judgment of conviction in Albany County, upon a jury verdict of second degree criminal possession of a forged instrument." *Montes I*, March Order at 2 (citing *People v. Montes*, 178 A.D.3d 1283, 1283 (3rd Dep't 2019)). The New York State Appellate Division, Third Department affirmed petitioner's conviction and, pursuant to New York Criminal Procedure Law § 460.50(5), remitted the action back to county court so that petitioner could surrender himself for custody. *Montes*, 178 A.D.3d at 1291. On February 4, 2020, the New York State Court of Appeals denied petitioner's request for leave to appeal and, on March 16, 2020, also denied his motion for reconsideration. *People v. Montes*, 34 N.Y.3d 1161 (2020), *recon. denied by*, 35 N.Y.3d 943.
  It is presumed that this is the conviction petitioner is attempting to challenge. However, the Court does not feel comfortable assuming that information without confirmation from the petitioner.

that petitioner "was assigned an attorney . . . who was ineffective in every way, [and] then . . . was assigned an appellate attorney who was even more ineffective." Pet. at 2. Seemingly in response, petitioner filed a writ of error coram nobis which was allegedly denied without reason. *Id.* However, petitioner failed to identify which court the writ was filed in, when it was filed, what it claimed, and whether it was subsequently appealed.

Third, it is nearly impossible to determine which factual allegations petitioner intended to use as support for which claims. Specifically, while the petition contains several pages of facts, those facts are not always placed in or around the discussion about the rights petitioner claims have been violated. Liberally construing the petition, it appears petitioner argues that he is entitled to federal habeas relief because (1) legally insufficient evidence supported his conviction including, but not limited to, the conviction being supported by hearsay evidence that lacked corroboration, testimony from an incompetent witness, and elements of the charge not being proven beyond a reasonable doubt, Pet. at 2-3, 15-20, 33-37, 44-45; (2) the prosecutor committed misconduct with identification statements he made comparing the petitioner to the individual on the surveillance video, *id.* at 4, 46; (3) petitioner experienced judicial misconduct and bias, *id.* at 4-5, 46; (4) petitioner's right to an impartial jury trial was violated when one of the jurors was coerced, *id.* at 5, 37-42, 46; (5) petitioner's right to a speedy trial was violated, *id.* 6, 12-14, 46; (6) petitioner was denied a fair trial when his conviction was obtained through the knowing presentation of fraudulent testimony, *id.* at 7-8, 46; (7) the grand jury proceeding was defective, as was petitioner's indictment, *id.* 9-11, 24,46; (8) the trial court erred in admitting copies of the alleged forged checks into evidence, *id.* at 25; and (9) his trial and appellate counsel were constitutionally ineffective, *id.* at 2.

However, petitioner did not organize his submission by identifying his particular claim for relief and then explaining the factual bases that support it, so the Court cannot know whether its liberal construction is consistent with petitioner's intentions.

Finally, it is unclear whether petitioner has finished engaging in the exhaustion of his state court remedies. While petitioner represents that he "has exhausted all [of] his remedies in state court," as previously identified, he fails to provide specific details about each state court challenge in the petition. Pet. at 46.[3]

### A.     Rule 2

Petitioner's papers do not comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Habeas Rules 2(c)(1) and (2) require that a petition specify all grounds for relief available to the petitioner and the facts supporting each ground. The Court cannot confidently determine what constitutional violations petitioner alleges he has suffered or the specific factual basis petitioner proffers in support of his asserted grounds for relief. *See* Pet. The Court will not speculate on what grounds, and supporting facts, are being advanced by petitioner. Each ground petitioner wants to raise in this proceeding, and the facts supporting each ground, must be set forth in the petition itself.

### B.     Exhaustion

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the

---

[3] Petitioner indicates that he does not have the financial resources to provide the Court with a copy of the State Court Record. *Id.* at 47. However, pursuant to the Habeas Rules, the respondent has the duty to produce all relevant state court records and transcripts to the Court. See Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.

rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, petitioner failed to provide specific details about his underlying criminal conviction and direct appeal, like the date of his conviction and the date the decisions were issued in the state courts. Further, petitioner did not provide any information regarding the claims he alleged in his writ of error coram nobis or the procedural posture of that action. Therefore, it is impossible to tell whether that action has concluded and whether the claims asserted therein have been fully exhausted.

### C.     Leave to Amend

Based on the foregoing, petitioner is directed to file an amended petition within thirty (30) days of the filing date of this Decision and Order that addresses (1) the details surrounding his conviction and direct appeal; (2) each ground petitioner wishes to raise in his habeas petition, and the facts supporting each ground; (3) the claims asserted in any collateral state court challenges, and (4) if and how he has exhausted his state court

5

remedies. The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose.

### III.   MOTION FOR RELEASE ON BAIL

Petitioner argues that he should be released on bail during the pendency of his habeas proceeding. Dkt. No. 2. Petitioner relies primarily on his health conditions and the spread of COVID-19 in prison facilities to support his motion. *Id.* Specifically, petitioner argues that the "likelihood of success on the merits [of his habeas petition] are great [but he] may die before he can receive a decision." *Id.* at 2. Petitioner has asthma and explains that "[c]ontracting COVID-19 would aggravate petitioner's asthma," and "[r]eleasing [him] may be [his] only offer of protection." *Id.* at 5-6.

Federal courts have jurisdiction "to grant bail to habeas petitioners[.]" *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). However, further briefing and decision on this matter shall be stayed until petitioner timely files, and the Court evaluates, his amended petition.

### IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for release on bail, Dkt. No. 2, is stayed pending resolution of the matters outlined in this Decision and Order; and it is further

**ORDERED** that petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order. The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose. **Petitioner shall complete every part of the blank petition, including the sections requiring him to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if**

**applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed. Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application.** If petitioner is asking the Court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. **Petitioner must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the amended petition.

Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference. He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order. Petitioner must also sign and date the petition; and it is further

**ORDERED** that if petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, Habeas Rule 4; and it is further

**ORDERED** that upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review. No answer to the petition will be required from the respondent until petitioner has submitted the amended petition, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in

accordance with the Court's Local Rules of Practice.

Dated: May 12, 2021
      Syracuse, New York

 

*[signature: Glenn T. Suddaby]*

Hon. Glenn T. Suddaby
Chief U.S. District Judge