UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GERMAINE MONTES,

                Petitioner,

v.                                                9:21-CV-0376
                                                           (GTS)
ROBERT MORTON, JR.

                Respondent.

---

APPEARANCES:                                                  OF COUNSEL:

GERMAINE MONTES
Petitioner, pro se
18-A-3075
Downstate Correctional Facility
Box F
Fishkill, NY 12524

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

Petitioner Germaine Montes seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Petitioner also filed a motion for release on bail during the pendency of his habeas petition. Dkt. No. 2.

On May 12, 2021, the Court granted petitioner thirty days leave to file an amended petition. Dkt. No. 6, Decision and Order ("May Order"). Specifically, the May Order identified four deficiencies that petitioner needed to remedy: (1) indicate the specific conviction petitioner is challenging; (2) identify the claims petitioner raised in the collateral challenges he filed in state court; (3) present each ground petitioner wishes to raise in his habeas petition, and the corresponding facts supporting each constitutional violation which petitioner

claims he experienced; and (4) provide information concerning, namely the dates of decision for, petitioner's state court collateral attacks. *Id.* at 2-4.

In response, petitioner filed a motion requesting court-appointed counsel. Dkt. No. 8. The Court denied petitioner's motion without prejudice and provided him with another thirty days to comply with the May Order. Dkt. No. 10, Decision and Order dated 05/28/21.

Presently before the Court is petitioner's amended petition and a submission in support of said petition. Dkt. No. 12, Amended Petition ("Am. Pet."); Dkt. No. 13, Submission in Support.

For the reasons that follow, the petition is dismissed without prejudice, as premature, with leave to re-file once petitioner's claims have been fully exhausted and the state court proceedings have concluded. Additionally, petitioner's application for release on bail, Dkt. No. 2, is denied without prejudice and with a right to renew in the event he re-files his habeas petition.

## II. PETITION

Petitioner challenges a 2018 judgment of conviction in Albany County, upon a jury verdict, of three counts of second degree criminal possession of a forged instrument. Pet. at 1-2; *accord People v. Montes*, 178 A.D.3d 1283, 1283-84 (3rd Dep't 2019).[1] The New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment of conviction, and, on March 16, 2020, the New York Court of Appeals ultimately denied leave to appeal. Pet. at 2-3; *see also, Montes,* 178 A.D.3d at 1291, *lv. appeal denied*, 34 N.Y.3d 1161 (2020), *recon. denied*, 35 N.Y.3d 943 (2020).

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Petitioner then filed a writ of error coram nobis in the Third Department. Pet. at 3. The date of the filing is unknown, because it was not provided on the petition; however, the petition was denied without opinion or dissent on May 17, 2021. *Id.* at 3-4. Petitioner then filed two state court habeas petitions. Pet. at 4. The date that the first petition was filed was not provided; however, it was denied by the county court on March 22, 2021, and leave to appeal was denied on May 11, 2021. *Id.* The second state petition was filed in or around April 21, 2021. *Id.* That petition is still pending. *Id.* at 5, 12.

Petitioner argues that he is entitled to federal habeas corpus relief because (1) the New York State Police violated its procedures resulting in an unlawful arrest, Pet. at 5-7; (2) prosecutorial misconduct produced a defective grand jury proceeding and indictment, *id.* at 7-8; (3) his right to a speedy trial was violated, *id.* at 8-10; and (4) juror misconduct denied petitioner's right to a fair trial, *id.* at 10-11. For a more complete statement of petitioner's claims, reference is made to the petition.

### III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim

3

for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, it is clear that petitioner has not yet properly exhausted his claims because he still has his second state habeas corpus petition pending before the Appellate Division. Pet. at 5, 12. Accordingly, the state courts have not concluded their one complete round of evaluation of petitioner's claims; therefore, the habeas petition is not yet ripe for review. *O'Sullivan*, 526 U.S. at 845.

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and is in the process of exhausting those remedies by pursuing his 440 motion. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

While petitioner's papers do not reflect his awareness that his petition was filed prematurely as a sort of protective filing, to the extent that petitioner may be understood to request that this action be stayed and his petition held in abeyance, that request is denied. The Supreme Court has stated, in dicta, that "[i]n many cases a stay will be preferable . . .

4

and . . . will be the only appropriate course in cases . . . where an outright dismissal could jeopardize the timeliness of a collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (citing *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part in the judgment)). In similar situations, such requests evaluating "whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017) (applying *Rhines* factors to protective filings where petitioners' are attempting to ensure their habeas petition's timeliness). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.

Here, to the extent petitioner is attempting to request a stay pending the outcome of his second state habeas petition, petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. Petitioner has successfully mounted a direct appeal and collateral challenge to his state court conviction, as well as successfully commencing the present action; therefore, petitioner cannot be said to have any confusion about the state court appellate process or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

Additionally, it does not appear that a subsequent habeas petition, if necessary and if

5

filed promptly after petitioner's claims are exhausted in state court, will be jeopardized by the statute of limitations. The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Gonzales v. Thaler*, 565 U.S. 134, 148-49 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.[2]

The Third Department affirmed petitioner's conviction on direct appeal, and the New York Court of Appeals ultimately denied petitioner's application for leave to appeal on March 16, 2020. *Montes*, 35 N.Y.3d at 943. He did not seek a writ of certiorari, and his conviction thus became final 90 days later, on June 15, 2020.[3] *Thaler*, 565 U.S. at 149-150 *see also Florio v. Cuomo*, No. 1:10-CV-0998, 2010 WL 5222123, at *6 (S.D.N.Y. Nov. 16, 2010)

---

[2] The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

[3] The limitations period expired on June 14, 2020, which was a Sunday. *See* Fed. R. Civ. P. 6(a)(1)(C).

(calculating the date the conviction became final ninety days from when the Court of Appeals denied petitioner's motion for reconsideration of the denial of the application for leave to appeal) (citing cases). Petitioner therefore had until June 15, 2021, to timely file a federal habeas petition.

However, in the interim, petitioner filed three collateral attacks to his criminal conviction. Assuming these challenges were properly filed, they would serve to statutorily toll the limitations period. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. Petitioner did not provide filing dates for two of the three motions; however, the earliest motion was denied on March 22, 2021, and subsequently appealed. Statutory tolling would be in effect from March 22, 2021 until leave to appeal was denied in May of 2021. Using March 21, 2021, as a control date – knowing full well that date is later than is appropriate because the petition would have had to have been filed and pending for more than one day before the decision was rendered – from the date petitioner's conviction became final until March 21, 2021, 281 days of the limitations period had elapsed. Petitioner's second state habeas petition, which is still pending and tolling the limitations period, was filed on April 21, 2021, during statutory tolling period for petitioner's other two collateral attacks on his conviction. Therefore, petitioner appears to have approximately eighty-four (84) days left before the statute of limitations expires after his state court remedies have been exhausted.

Therefore, the Court will dismiss the petition as unexhausted and premature with leave to re-file once all state court remedies have been successfully exhausted. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly,

7

we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[4] Petitioner must be vigilant, as there seems to only be a few months left in his statute of limitations period after his state court remedies have been exhausted. However, this still appears to be adequate time in which to re-file his petition. *See Zarvela*, 254 F.3d at 383 (commenting that petitioner re-filed his habeas petition within fourteen days after receiving the appellate court's decision).

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the amended petition, Dkt. No. 12, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED** that petitioner's motion for bail, Dkt. No. 2, is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[5] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in

---

[4] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition would be being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

8

accordance with the Local Rules.

Dated: June 25, 2021

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge