UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GERMAINE MONTES,

                Petitioner,
v.                                             9:21-CV-0376
                                                           (GTS)
ROBERT MORTON, JR.

                Respondent.
_____

APPEARANCES:                                       OF COUNSEL:

GERMAINE MONTES
Petitioner, pro se
18-A-3075
Downstate Correctional Facility
Box F
Fishkill, NY 12524

GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

      Petitioner Germaine Montes sought federal habeas relief pursuant to 28 U.S.C. § 2254 and his petition was dismissed without prejudice as being premature for failing to exhaust his state court remedies. Dkt. No. 14, Decision and Order ("June Order"); Dkt. No.15, Judgment. Petitioner filed a Notice of Appeal. Dkt. No. 16, Notice of Appeal.

      Simultaneously, petitioner also filed an application to proceed in forma pauperis (IFP) on appeal. Dkt. No. 17, IFP Application. The application was denied without prejudice for failing to conform to the Federal Rules of Appellate Procedure and Form 4. Dkt. No. 18, Decision and Order ("July I Order"). Petitioner was provided with an opportunity to file a second IFP application. *Id.* at 2-3.

On the same day the July I Order was entered, petitioner also informed the Court that he had been transferred from Downstate Correctional Facility to Bare Hill Correctional Facility. Dkt. No. 20. Petitioner's new address at Bare Hill was effective July 22, 2021. *Id.* Petitioner completed a second IFP Application, also dated July 22, 2021, and submitted it to the Court. Dkt. No. 21, Second IFP Application.

The Court denied the second application, again without prejudice, for non-conformance with the Federal Rules. Dkt. No. 22, ("July II Order"). In the July II Order, the Court noted that petitioner previously grieved about Downstate Correctional Facility employees failing to properly certify his IFP Application; however, now that petitioner was transferred to Bare Hill and is interacting with different officials, it would appear that the impediment to having his IFP application properly certified was resolved. *Id.* at 2 n.1.

However, on August 3, 2021, petitioner sent the Court a letter indicating that he "provided [the] first order with the form for [the] IFP application to inmate accounts in [his] facility and they never wrote [petitioner] back or provided the certification from a facility representative[.]" Dkt. No. 23 at 1. Petitioner asks what recourse remains "if the facility refuses to provide th[e certification?]" *Id.* at 1. Shortly thereafter, petitioner filed a supplemental submission in support of his letter, indicating that he "gave both orders and wrote inmate accounts and the business account several times," and he did not "understand why the jail [wa]s not following the orders that w[ere] provided . . . to them." Dkt. No. 24 at 2.

As explained in the Court's prior Orders, under Rule 24 of the Federal Rules of Appellate Procedure, a party to a district court action who seeks IFP status for purposes of an appeal must file a motion in the district court and must include an affidavit that

> (A) shows in the detail prescribed by Form 4 of the Appendix of

2

>> Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)-(C).

Petitioner's second IFP application was deficient because, while he submitted a properly completed Form 4, he again failed to submit "a statement certified by [an] appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in [his] institutional inmate accounts" as required by Form 4. Dkt. No. 21 at 3. Petitioner's recent letters explain that he could not comply with the July I or July II Orders because the facility personnel in the business office are refusing to certify his application. However, petitioner's letter is completely devoid of facts, which is especially important since he has changed facilities in the midst of this application process.

Thus, petitioner is given leave to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order that explains how, specifically, he has attempted to have facility personnel certify his IFP application. Accordingly, petitioner shall outline the efforts he has made with said officials, including the dates and times he has sent the request for certification in, where he has sent such request, to whom the request was addressed, what response petitioner has received –if any– and any other specific information about the application process petitioner feels would be helpful or important to the Court's consideration. The affirmation shall not exceed fifteen (15) pages in length.

**WHEREFORE**, it is hereby

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the

filing date of this Decision and Order, explaining his various efforts and attempts to get his IFP certified. Specifically, petitioner will outline when, where, and to whom he sent his application/request for certification and what responses, if any, he has received. from the facility and/or its employees. The affirmation shall not exceed fifteen (15) pages in length. The Clerk is respectfully directed to send petitioner blank copies of an IFP Application and Form 4 of the Appendix of Forms; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review.

Dated: August 27, 2021
 Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge